Mr. Justice Cox
delivered the opinion of the court.
This is an action of assumpsit for goods and merchandise sold by the plaintiff to the defendants. It seems that the defendants were engaged in laying pavements in the streets of Washington under contract with the District of Columbia, and that they bought from the plaintiff’ the material (the residuum of petroleum oil) which they used to mix with asphalt and sand in order to make the material of which the pavements were composed. The complainants claim for material furnished $1,493 with interest.
The defence is recoupment. It is claimed, on the part of the defendants, that the terms of the contract required that the residuum should be free from coke and water and other impurities; whereas the material delivered contained, on the contrary, these very impurities, and, as a consequence, when they undertook to make that use of it for which it had been purchased, the oil exploded and set fire to and consumed a large amount of property and machinery, amounting, in value, to twice the demand of the plaintiff. The defend *5 ants, therefore, seek a recoupment of the demand with, this amount of damages.
To this the plaintiff answers, that the article furnished was free from the impurities alleged. Second, they charge the casualty complained of to t’he negligence of the defendants in the use of the article. Third (and this presents the most important question of law), they say that the property injured by this explosion was not the property of these defendants, but -was owned by them jointly with John S. Baldwin, and that he was in fact in partnership with them. And they say that recoupment is governed by the same general principles as set-off, and they invoke the rule requiring mutuality in such cases. They say, inasmuch as the defendants could not set-off' against the plaintiff' the independent demand of Baldwin, for the same reason they could not recoup against the plaintiff' damages suffered by Baldwin and themselves instead of by themselves alone.
The court below took this latter view and instructed the jury that if they believed, from the evidence, that Baldwin had any interest in the property destroyed by the fire, then the defendants cannot recoup the damages to that property in this action.
Now, the general rule in regard to set-off' is, that the set-off must be mutual; that is to say, the amount which the defendants claim as a set-off must be a substantial demand by the real parties interested in the payment of that which is the subject of the action. For instance, if A brings suit against B,B cannot set off' against A a demand that he and C have against A. But it often happens that the nominal parties to the record are not the real parties, even under the rule of set-off; and the court looks behind the record to see who are the real parties interested. For example, if an agent should sell me goods, and should afterwards sue me for the price, I can set off' against his demand the claim I have against his principal, except so far as it might interfere with the agent’s personal interest. With that exception I could set off' my claim against his principal, although he was not in the record.
*6 Thus we see that courts go outside of the record to find the real parties in interest, And if that is true in the law of set-off, it may be asserted with still more reason in regard to recoupment. Set-off is usually a distinct and separate demand, whereas recoupment goes to the very essence of the plaintiff’s own demand. It seeks a reduction of the plaintiff’s demand because his performance has fallen short of what was stipulated, or it has been so faulty as to produce some injury to the other party. It would seem that the real party interested in the contract, whether in the record or not, is interested in reducing the demand, and any damage that he suffers ought to be allowed to be shown, as he is the real party interested.
If, for example, I had sold goods to an agent under such circumstances as would make him personally responsible, and I should sue him, it would be strange if he would not be allowed to show that he purchased the goods for a third person, his principal, and that the goods had been of no value to that principal, and my breach of the contract had been a serious injury to him.
Applying this doctrine to the present case, the evidence we think, tends to show, and it was the contention of the plaintiff, that Baldwin was a partner with the defendant. It was shown that the contract was taken in the name of Baldwin,-and these defendants were his sureties. They were to manage the business, and they were interested to the extent of one-half or two-thirds in the gross profits. Now, that made them, in contemplation of law, partners. This contract was made .by Barber & Langdon, as agents for all three. And they might all have been sued in this action by the plaintiff. So, too, Baldwin might have united in this suit against the plaintiffs for their alleged breach of this contract. Baldwin and Barber & Langdon were, therefore, the parties really interested in this contract, and they are the same parties interested in this recoupment, just as much so as if they were all parties to the record. We think, therefore, upon the general principles we have adverted to, that the recoupment should have been allowed, and that the court *7 below was in error in. giving the instruction excepted to. This makes it unnecessary to pass upon any of the other questions involved in the case.
The judgment is reversed and the cause remanded for a new trial.